UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
CLAUDIO ARCENTALES-FERNANDEZ,
RAFAEL ESPINOBARROS-REYES, on
behalf of themselves and others
similarly situated,

                Plaintiffs,

   -against-

ARRANCADA FOOD GROUP, INC,
90 AMSTER ENTERPRISES, LLC, PIZZA
PASTA ETC. CORP., and/or any business
entity doing business as FAMOUS
AMADEUS PIZZA, and AMADEUS
MANATA, individually,

                Defendants.
---------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: October 9, 2015

Index No.: 1:14-cv-3526 (PAC)
ECF CASE

## STIPULATION OF SETTLEMENT

This Settlement Agreement and Release of Claims (hereinafter "Agreement") is made and entered into by and between plaintiffs Claudio Arcentales-Fernandez, Rafael Espinobarros-Reyes, Jose Luis Espinobarros, and Eugenio Noriega-Castaneda (collectively, the "Plaintiffs"), and defendants Arrancada Food Group, Inc., 90 Amster Enterprises, LLC, Pizza Pasta Etc. Corp., Famous Amadeus Pizza, and Amadeus Manata (collectively, the "Defendants") on behalf of Defendants and their agents, assigns, attorneys, heirs, affiliates, parents, successors, predecessors, executors and administrators.

**WHEREAS**, the Plaintiffs filed, in the United States District Court for the Southern District of New York, a Complaint in an action entitled, *Claudio Arcentales-Fernandez and Rafael Espinobarros-Reyes v. Arrancada Food Group, Inc., 90 Amster Enterprises, LLC,*

1

*Pizza Pasta Etc. Corp., and/or any other business entity doing business as Famous Amadeus Pizza, and Amadeus Manata,* 1:14-cv-3526 (the "Action"); and

**WHEREAS,** the parties desire to fully and finally resolve and settle in full all claims that Plaintiffs had, have, or may have against the Defendants, including, but not limited to, all claims and issues that were or could have been raised in the Action;

**NOW, THEREFORE,** Plaintiffs and Defendants, in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, agree as follows:

1. No Admission of Liability: By entering into this Agreement, Defendants do not in any way admit liability or wrongdoing toward Plaintiffs or anyone else, either implicitly or explicitly. Neither this Agreement nor anything contained herein constitutes or is intended to constitute any finding of fact, admission of liability or assessment of liability by Defendants under any law, ordinance, rule, regulation or order with respect to any claim that Plaintiffs could have asserted or may assert against the Defendants. Defendants have agreed to enter into this Agreement for the sole purpose of avoiding the cost and inconvenience of further litigation.

2. Consideration:

a. In consideration for Plaintiffs entering into this Agreement and in full and complete satisfaction of Plaintiffs' actual and potential claims against the Defendants, the Defendants shall distribute the settlement amount of $43,875 ("Settlement Amount") as set forth below.

i. Within three (3) business days of the approval of this Agreement (the "Effective Date"), Defendants shall send Plaintiffs' counsel a settlement check made out to Jose

2

Luis Espinobarros in the amount of $1,068.7. Thereafter eight (8) payments in the amount of $1,068.007 shall be paid monthly on the last day of each month beginning in the month following the Effective Date. The first four (4) payments are considered non-wage damages (i.e., liquidated damages, interest, and statutory penalties) and are not subject to taxes and withholdings. The last five (5) payments are considered wages and will be less all applicable payroll taxes and withholdings.

        ii. Within three (3) business days of the Effective Date, Defendants shall send Plaintiffs' counsel a settlement check made out to Claudio Arcentales-Fernandez in the amount of $918.21. Thereafter eight (8) payments in the amount of $918.21 shall be paid monthly on the last day of each month beginning in the month following the Effective Date. The first four (4) payments are considered non-wage damages (i.e., liquidated damages, interest, and statutory penalties) and are not subject to taxes and withholdings. The last five (5) payments are considered wages and will be less all applicable payroll taxes and withholdings.

        iii. Within three (3) business days of the Effective Date, Defendants shall send Plaintiffs' counsel a settlement check made out to Eugenio Noriega-Castaneda in the amount of $819.00. Thereafter eight (8) payments in the amount of $819.000 shall be paid monthly on the last day of each month beginning in the month following the Effective Date. The first four (4) payments are considered non-wage damages (i.e., liquidated damages, interest, and statutory penalties) and are not subject to taxes and withholdings. The last five (5) payments are considered wages and will be less all applicable payroll taxes and withholdings.

        iv. Within three (3) business days of the Effective Date, Defendants shall send Plaintiffs' counsel a settlement check made out to Rafael Espinobarros-Reyes in the amount

3

of $461.11 Thereafter eight (8) payments in the amount of $461.11 shall be paid monthly on the last day of each month beginning in the month following the Effective Date. The first four (4) payments are considered non-wage damages (i.e., liquidated damages, interest, and statutory penalties) and are not subject to taxes and withholdings. The last five (5) payments are considered wages and will be less all applicable payroll taxes and withholdings.

      v. Within three (3) business days of the Effective Date, Defendants shall send Plaintiffs' counsel a settlement check made out to Cilenti & Cooper in the amount of $1,608.66 representing attorneys' fees and costs. Thereafter, eight (8) payments in the amount of $1,608.66 shall be paid monthly on the last day of each month beginning in the month following the Effective Date.

    b. Prior to the commencement of payments to any one Plaintiff, that Plaintiff shall submit to counsel for the Defendants a completed copy of Tax Form W-9. Thereafter, and prior to payment of the fifth installment, referenced above, each Plaintiff shall provide counsel for the Defendants adequate proof of their Individual Taxpayer Identification Number (ITIN). No payments shall be made to the Plaintiffs until this Section is complied with.

    3. Full Payment: Plaintiffs agree and affirm that the payments described in Paragraph 2 above shall constitute the entire amount of monetary consideration provided to Plaintiffs and their legal counsel under this Agreement and that neither they nor their legal counsel will seek any further compensation for any other claimed damages, costs, disbursements, or attorneys' fees in connection with any of the matters encompassed in this Agreement. It is further understood and agreed that, with the exception of the payments described in Section 2 of this Agreement, the Parties shall be solely, individually, and completely responsible for

4

compensating their own attorneys for all services rendered and expenses incurred in this matter, and that no award of attorney's fees or costs will be triggered or result from this Agreement or otherwise from the settlement of this matter. Plaintiffs will not be deemed or considered a prevailing party. Notwithstanding the foregoing, if Defendants fail to make payments as set forth in Section 2, Defendants shall be responsible for all expenses, including but not limited to legal fees, costs, and pre- and post-judgment interests at the rate of 9% per year, incurred by Plaintiffs in connection with the enforcement of this Agreement.

    4.    Approval of Agreement: Upon reaching Agreement in principle on this settlement agreement by all parties, counsel shall submit to the Court, for its review, a copy of this Agreement and request that the Court approve and So Order the Agreement and retain jurisdiction over the Agreement until all payments set forth in Section 2 have been received in full. The Agreement shall constitute full and final settlement of any and all claims by the Plaintiffs against the defendants as of the date of Court approval of the parties' Stipulation of Settlement.

    5.    Voluntary Dismissal with Prejudice: Within 10 days of the Effective Date, counsel for Plaintiffs shall file with the Court a Stipulation of Dismissal With Prejudice, subject to the Court's retention of jurisdiction over compliance with the terms of the Agreement.

    6.    General Release: It is understood and agreed by and between the Parties to this Agreement that in return for the consideration set forth in Paragraph 2 of this Agreement and the other promises contained herein, Plaintiffs do, knowingly and voluntarily, completely and forever release, waive and discharge Defendants and Rays at the Garden, Inc. and each of their parent organizations, predecessors, successors and assigns, and all past and present officers,

5

directors, employees, agents, representatives, privies, attorneys, associates (collectively the "Releasees") from any and all causes of action, claims, judgments, obligations, damages (compensatory, punitive, and otherwise), claims to attorneys' fees, and rights to pre- or post-judgment interest or liabilities of whatever kind and character including, in particular, but not limited to, any and all claims which were made or could have been made in the Action. Plaintiff agrees that this release of claims is intended to be broadly construed so as to resolve any pending and potential disputes between Plaintiffs and the Releasees, which Plaintiffs have up to the date of this Agreement, whether or not such disputes are known or unknown to Plaintiffs, including, but not limited to: any claims that Plaintiffs or anyone on Plaintiffs' behalf may have arising under the Age Discrimination in Employment Act (29 U.S.C. § 621 et seq.), Title VII of the Civil Rights Act of 1964 as amended (42 U.S.C. § 2000e, et seq.), the Equal Pay Act of 1963 (29 U.S.C. § 206(d)), the Civil Rights Acts of 1866 and 1871 as amended (42 U.S.C. § 1981, et seq., 42 U.S.C. § 1983, et seq.), the Worker Adjustment and Retraining Notification Act (29 U.S.C. § 2101, et seq.), the Employee Retirement Income Security Act (29 U.S.C. § 1001, et seq.), the Americans with Disabilities Act (42 U.S. § 12101, et seq.), the Occupational Safety and Health Act (29 U.S.C. § 651, et seq.), the Family and Medical Leave Act (29 U.S.C. § 2601, et seq.), the Consolidated Omnibus Budget Reconciliation Act (commonly referred to as "COBRA"), the New York State Human Rights Law, the New York City Human Rights Law, the New York Labor Law, the Fair Labor Standards Act or any other federal, state or local human rights, civil rights, wage and hour, employment or labor law, rule and/or regulation, public policy, contract, or tort law, or any claim of retaliation under such laws and any claim arising under the common law, including but not limited to causes of action for wrongful discharge, violation of public

policy, retaliation, breach of contract (both express and implied), fraud, defamation, libel, slander, false light, tortious interference with contract or prospective economic advantage, infliction of emotional distress (both negligent and intentional), whistleblower retaliation, hostile work environment, personal injury, assault, battery, prima facie tort, violation of any other federal, state or local statute, law or ordinance, claims for loss of income, compensatory damages, economic damages, emotional distress damages, non-economic damages, pain and suffering damages, liquidated damages, punitive damages, exemplary damages, equitable relief, attorneys' fees and costs, and any other action whether cognizable in law or in equity based on any conduct up to and including the date of this Agreement. Plaintiffs further agree that Plaintiffs have not filed or made any allegations against or relating to the Releasees in any other matter in any court, agency or tribunal other than the Action. This Release shall not apply to any claims with the New York State Unemployment Insurance Board relating to claims for unemployment accrued based on plaintiff's employment with Defendants.

The Parties acknowledge that this Agreement does not limit either party's right, where applicable to file a charge or participate in an investigative proceeding of any federal, state or local agency. To the extent permitted by law, Plaintiffs agree that if such administrative claim is made, Plaintiffs shall not be entitled to any personal recovery, including, but not limited to, any individual monetary relief or other individual remedies, including, but not limited to, backpay, reinstatement, front pay, damages or attorneys' fees.

7. Confidentiality: Notwithstanding the following, nothing contained herein, shall prohibit the Court from publicly filing this Agreement. Plaintiffs represent that neither they nor their counsel have disclosed or shall disclose, directly or indirectly, the terms, existence or

7

circumstances of this Agreement to anyone. Plaintiffs agree to keep this Agreement, its terms, existence and circumstances strictly confidential, and shall not tell anyone about the existence of this Agreement or disclose any information contained herein, except that Plaintiffs may disclose such information to their immediate family, lawyer, financial advisor, and/or as required by law. If such disclosure is made, Plaintiffs shall immediately instruct the person to whom the disclosure is made that the information disclosed must be kept strictly confidential. Further, if asked by third parties about any dispute with Defendants, including but not limited to the Action, Plaintiffs shall state only that the matter was resolved and that they are not at liberty to discuss it further.

8. Applicable Law: This Agreement shall be governed by, interpreted, construed and enforced in accordance with the laws of the State of New York.

9. Enforceability and Severability: If any provision of this Agreement is held by a court of competent jurisdiction to be illegal or unenforceable, or struck by the Court in reviewing this Settlement Agreement in its proposed form, such provision shall be severed from this Agreement and have no force and effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the enforceability of, any other provision of this Agreement. Notwithstanding the foregoing, if Section 6, the Release is held to be illegal or unenforceable, or struck by the Court in reviewing this Settlement Agreement in its proposed form, this Agreement shall be rendered void and the payments referred to in Section 2 shall be returned to the Defendants immediately.

10. Interpretation of Agreement: The parties agree that any person or entity interpreting or construing this Agreement shall not apply a presumption that any of its provisions

8

should be more strictly construed against the party who prepared the Agreement as all parties have fully participated in the preparation of all provisions of this Agreement.

11. Headings: The headings in this Agreement are for the convenience of the parties and are not intended to modify the terms of the Agreement.

12. Complete Agreement: This Agreement sets forth the entire agreement between the parties, and fully supersedes any and all prior or contemporaneous agreements or understandings between them. This Agreement may not be altered, amended, modified, superseded, canceled or terminated except by an express written agreement duly executed by all parties, or their attorneys on their behalf, which makes specific reference to this Agreement.

13. Counterparts: This Agreement may be executed in several counterparts, each of which shall serve as an original as against any party who signed it, and all of which taken together shall constitute one and the same document. A copy of a party's signature on this Agreement shall be acceptable in any action against that party to enforce this Agreement.

14. Employee Acknowledgements. By signing this agreement, Plaintiffs acknowledge as follows:

a. Plaintiffs have read this Agreement completely.
b. Plaintiffs have had the opportunity to consider the terms of this Agreement.
c. Plaintiffs have consulted with his attorney prior to executing this Agreement.
d. Plaintiffs understand and mean everything that Plaintiffs said in this Agreement and Plaintiffs agree to all its terms.
e. Plaintiffs are not relying on any of the Releasees to explain this Agreement to Plaintiffs.
f. Plaintiffs are aware that this agreement includes a general release of all known and unknown claims.

**WHEREFORE,** the undersigned subscribe to this Agreement, as it applies to each, as of the date(s) set forth below opposite their respective signatures.

9

| | |
|---|---|
| Dated: 08/11/2015 | Claudio Arcentales<br>Claudio Arcentales-Fernandez |
| Dated: 08/10/2015 | Rafael Espinobarros<br>Rafael Espinobarros-Reyes |
| Dated: 08/13/2015 | _____<br>Jose Luis Espinobarros |
| Dated: 7/31/2015 | _____<br>Eugenio Noriega-Castaneda |
| Dated: 9/21/2015 | _____ (POA for Amadeus Manata)<br>Arrancada Food Group, Inc. |
| Dated: 9/21/2015 | _____ (POA for Amadeus Manata)<br>90 Amster Enterprises, LLC |
| Dated: 9/21/2015 | _____ (POA for Amadeus Manata)<br>Pizza Pasta Sto. Corp. |
| Dated: 9/21/2015 | _____ (POA for Amadeus Manata)<br>Famous Amadeus Pizza |
| Dated: 9/21/2015 | _____ (POA for Amadeus Manata)<br>Amadeus Manata |

So Ordered: _____ 10-09-15
U.S.D.J. Paul Crotty

10